IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Helen Gerald, <br> a/k/a Helen Faye Gerald, <br><br> Plaintiff, <br><br> v. <br><br> Dr. Mitchell Faulk, Chiropractor, <br><br> Defendant. | C/A No.: 4:24-5270-CMC-KDW <br><br> REPORT AND RECOMMENDATION |

Helen Gerald ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971)[1] against Dr. Mitchell Faulk, Chiropractor ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case.

I.     Factual and Procedural Background

Plaintiff alleges she was sexually harassed by Defendant. ECF No. 1 at 1. Plaintiff states she was under the care of Defendant from December 1 to 20, 2021, for injuries to her back and groin that she sustained in an automobile accident. *Id.* Plaintiff states on her first visit she was told that a physical had to be performed and she was instructed to remove all her clothes. *Id*. Plaintiff

---

[1] *Bivens* is the case establishing that victims of a constitutional violation perpetuated by a federal actor may be able to sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983 and case law involving § 1983 claims is applicable in Bivens actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820, n.30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

says Defendant asked her to remove her clothing during an appointment to treat her groin with blue tape. *Id.* Plaintiff says that during this appointment Defendant touched her private areas, and commented that Plaintiff's vagina was smooth and asked her how she shaved that area. *Id*. Plaintiff claims when the appointment ended Defendant asked her would she consider stripping at a club he attended. *Id.* Plaintiff says the appointment left her in distress. *Id.* Plaintiff seeks $60,000 in damages. ECF No. 1-1 at 7.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Fed. R. Civ. P. 8 for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal

arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.     Analysis

To state a claim under *Bivens*, a plaintiff must allege the defendant acted under color of federal law to deprive him of a federal right. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). In her Complaint, Plaintiff alleges Defendant is the owner of Dr. Mitchell Faulk, Chiropractor. Although Plaintiff alleges Defendant violated South Carolina Code § 16-3-652[2] in support of her claim, a violation of a state law is insufficient to state a *Bivens* claim. *Bivens* remedies vindicate violations of constitutional rights. *See Bivens*, 403 U.S. at 395-97. Further, Plaintiff's allegations against Defendant indicate he is a private actor. There is nothing in Plaintiff's Complaint to show that Defendant was a federal actor acting under color of federal law. As Plaintiff has failed to state a *Bivens* claim against Defendant, the undersigned recommends Plaintiff's Complaint be summarily dismissed. *See Brock v. Shearer*, 2012 WL 7188893, *12 (D.S.C. July 25, 2012) (finding that *Bivens* liability should not be extended to private physicians);

---

[2] South Carolina Code § 16-3 provides:

(1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim and if any one or more of the following circumstances are proven:

(a) The actor uses aggravated force to accomplish sexual battery.

(b) The victim submits to sexual battery by the actor under circumstances where the victim is also the victim of forcible confinement, kidnapping, trafficking in persons, robbery, extortion, burglary, housebreaking, or any other similar offense or act.

(c) The actor causes the victim, without the victim's consent, to become mentally incapacitated or physically helpless by administering, distributing, dispensing, delivering, or causing to be administered, distributed, dispensed, or delivered a controlled substance, a controlled substance analogue, or any intoxicating substance.

*see also, Minneci v. Pollard*, 565 U.S. 118, 125 (2012) (noting that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake"); *O'Neil v. Anderson*, 372 F. App'x 400, 404 (4th Cir. 2010) (finding no liability under *Bivens* for a private individual).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss Plaintiff's Complaint without prejudice.

IT IS SO RECOMMENDED.

October 3, 2024                                            Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).